1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RUDOLPH LEADER,

11              Plaintiff,                    No. CIV S-08-2123 KJM P

12         vs.

13    CALIFORNIA DEPARTMENT OF
      CORRECTIONS AND
14    REHABILITATION, et al.,

15              Defendants.              ORDER

16    _____/

17              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

18    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

20    § 636(b)(1).

21              Plaintiff has submitted a declaration that makes the showing required by 28

22    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24    U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $1.50 will be assessed by this

25    order.  28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to

26    collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds that plaintiff's complaint states a claim upon which relief can be granted with respect to defendant Maciel under the Eighth Amendment. However, as for the other claims in plaintiff's complaint the allegations are too vague and conclusory to state a valid claim. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id</u>.

In light of the foregoing, the court will give plaintiff two options. First, he may proceed with the complaint already on file and the court will order service of process on defendant Maciel. Alternatively, plaintiff may file an amended complaint if he wishes to attempt to state a claim with respect to the other claims and defendants identified in his original complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Plaintiff asserts he has been denied adequate medical care. To state a claim for denial of medical care under the Eighth Amendment plaintiff must allege facts showing defendants were deliberately indifferent to his serious medical needs. <u>Estelle v. Gamble,</u> 429 U.S. 97, 106 (1976). Plaintiff also alleges he was subjected to excessive force. In order to state a claim for exposure to excessive force in violation of the Eighth Amendment plaintiff must allege facts showing that he has been subjected to wanton and unnecessary infliction of pain. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986). Finally, plaintiff claims he has been subjected to substandard housing conditions. In order to state a claim upon which relief can be granted for inadequate conditions of confinement plaintiff must allege facts showing a prison official has exposed him to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1991).

1    Plaintiff's amended complaint must allege in specific terms how each named

2 defendant violated plaintiff's Eighth Amendment rights.  There can be no liability under 42

3 U.S.C. § 1983 or the Eighth Amendment unless there is some affirmative link or connection

4 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

5 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

6 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

7 civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

8 1982).

9    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

10 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

11 amended complaint be complete in itself without reference to any prior pleading.  This is

12 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

13 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

14 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

15 original complaint, each claim and the involvement of each defendant must be sufficiently

16 alleged.

17    If plaintiff's wishes to file an amended complaint, he shall do so within thirty

18 days.  If plaintiff does not file an amended complaint within thirty days, the court will order that

19 defendant Maciel be served with plaintiff's original complaint.

20    In accordance with the above, IT IS HEREBY ORDERED that:

21    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23 Plaintiff is assessed an initial partial filing fee of $1.50.  All fees shall be collected and paid in

24 accordance with this court's order to the Director of the California Department of Corrections

25 and Rehabilitation filed concurrently herewith.

26 /////

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint.

4. If plaintiff does not file an amended complaint within thirty days, the court will order that defendant Maciel be served with process.

DATED: May 28, 2009.

_____
U.S. MAGISTRATE JUDGE

1
lead2123.14(9.10.08)